IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE D. JACKSON, #1127769,    )<br>                            )<br>    Plaintiff(s),              )<br>                            )<br>    v.                       )<br>                            )<br>KEVIN CHAPPELL, Warden, et al.,  )<br>                            )<br>    Defendant(s).           )<br>_____  ) | No. C 15-0287 CRB (PR)<br><br>ORDER OF SERVICE |

Plaintiff, a prisoner at the Northern Nevada Correctional Center in Carson City, Nevada, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, while he was incarcerated at San Quentin State Prison (SQSP) in San Quentin, California, then-warden Kevin Chappell and other prison officials were deliberately indifferent to his safety needs when they failed to protect him from harm being caused by various correctional officers.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

"is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff alleges that at various times during his May 2010 to December 2012 incarceration at SQSP, he told then-warden Kevin Chappell, Sergeant L. Barnes and Lieutenant Yates that various correctional officers were poisoning his food, using excessive force against him and verbally abusing and harassing him, yet none of these prison officials took any action to protect plaintiff. Liberally construed, plaintiff's allegations appear to state a cognizable § 1983 claim for failure to protect in violation of the Eighth Amendment. See Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations in pro se complaint sufficient to raise inference that named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at

2

SQSP: former warden Kevin Chappell, Sergeant L. Barnes and Lieutenant Yates. The clerk also shall serve a copy of this order on plaintiff.

    2.    In order to expedite the resolution of this case, the court orders as follows:

    a.    No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

1        b.      Plaintiff must serve and file an opposition or statement of
non-opposition to the dispositive motion not more than 28 days after the motion
is served and filed.

         c.      Plaintiff is advised that a motion for summary judgment
under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
case. Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted when there
is no genuine issue of material fact – that is, if there is no real dispute about any
fact that would affect the result of your case, the party who asked for summary
judgment is entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment that is
properly supported by declarations (or other sworn testimony), you cannot simply
rely on what your complaint says. Instead, you must set out specific facts in
declarations, depositions, answers to interrogatories, or authenticated documents,
as provided in [current Rule 56(c)], that contradicts the facts shown in the
defendant's declarations and documents and show that there is a genuine issue of
material fact for trial. If you do not submit your own evidence in opposition,
summary judgment, if appropriate, may be entered against you. If summary
judgment is granted, your case will be dismissed and there will be no trial. <u>Rand
v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

         Plaintiff also is advised that a motion to dismiss for failure to exhaust
available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted,
end your case, albeit without prejudice. You must "develop a record" and
present it in your opposition in order to dispute any "factual record" presented by
the defendants in their motion to dismiss. <u>Wyatt v. Terhune</u>, 315 F.3d 1108,
1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show

4

|    |                                                                                          |
|----|------------------------------------------------------------------------------------------|
| 1  | that you did exhaust your available administrative remedies before coming to             |
| 2  | federal court.  Such evidence may include: (1) declarations, which are statements        |
| 3  | signed under penalty of perjury by you or others who have personal knowledge             |
| 4  | of relevant matters; (2) authenticated documents – documents accompanied by a            |
| 5  | declaration showing where they came from and why they are authentic, or other            |
| 6  | sworn papers such as answers to interrogatories or depositions; (3) statements in        |
| 7  | your complaint insofar as they were made under penalty of perjury and they show          |
| 8  | that you have personal knowledge of the matters state therein.  In considering a         |
| 9  | motion to dismiss for failure to exhaust, the court can decide disputed issues of        |
| 10 | fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.            |
| 11 | (The Rand and Wyatt/Stratton notices above do not excuse defendants'                     |
| 12 | obligation to serve said notices again concurrently with motions to dismiss for          |
| 13 | failure to exhaust available administrative remedies and motions for summary             |
| 14 | judgment.  Woods, 684 F.3d at 935.)                                                      |
| 15 | d.     Defendants must serve and file a reply to an opposition not                       |
| 16 | more than 14 days after the opposition is served and filed.                              |
| 17 | e.     The motion shall be deemed submitted as of the date the                           |
| 18 | reply is due.  No hearing will be held on the motion unless the court so orders at a     |
| 19 | later date.                                                                              |
| 20 | 3.     Discovery may be taken in accordance with the Federal Rules of                    |
| 21 | Civil Procedure.  No further court order under Federal Rule of Civil Procedure           |
| 22 | 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.          |
| 23 | 4.     All communications by plaintiff with the court must be served on                  |
| 24 | defendants, or defendants' counsel once counsel has been designated, by mailing          |
| 25 | a true copy of the document to defendants or defendants' counsel.                        |
| 26 | 5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must          |

5

keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: May 6, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.15\Jackson, C.15-0287.serve.wpd